**Opinion issued April 28, 2026**



In The

# Court of Appeals

For The

# First District of Texas

————————————

## NO. 01-24-00844-CV

————————————

## MARTHA GALLIEN MCGLOTHEN
## AND MARLA GALLIEN DAVIS, Appellants

**v.**

## MARTHA WILLIAMS, Appellee

**On Appeal from Probate Court No. 1**
**Harris County, Texas**
**Cause No. 505, 347**

## MEMORANDUM OPINION

This appeal arises from the dismissal of a will contest for lack of standing.

Martha Williams, named beneficiary and executor, applied to probate the decedent's

last will and testament as a muniment of title. The decedent's niece, Marla Davis,

and the decedent's daughter, Martha McGlothen, contested the will. In the contest, Davis proceeded pro se and also purported to represent McGlothen even though she was not an attorney. Williams moved to dismiss the contest based on Davis's lack of standing, and to strike her pleadings and sanction Davis for her unauthorized practice of law. The trial court dismissed the contest and struck the pleadings, noting that McGlothen had standing and could replead.

In three issues, the appellants contend that the trial court erred in determining standing.[1]

We affirm the trial court's judgment.

## Background

The decedent, Stephen Gallien, had two daughters who survived him, Belinda White and Martha McGlothen. Marla Davis is the daughter of Stephen's brother, James Gallien.

Martha Williams, Stephen's niece and the will's proponent, discovered his alleged last will and testament in some of his papers and applied to probate the will as muniment of title. The will disinherited White and McGlothen and bequeathed Stephen's estate entirely to Williams.

Davis and McGlothen (the "contestants") contested the will, asserting that the will was not authentic, it was obtained by fraud, duress, or undue influence, and

---

[1] The appellants' fourth issue does not allege that the trial court erred.

2

Williams' application was untimely. They also alleged that certain real property was not part of Stephen's estate. Davis admitted that she was not an heir of Stephen's estate but argued that she was a necessary party because she had an interest in property allegedly held by the estate.

Williams moved to dismiss the contest, contending that it had no legal basis, Davis lacked standing, and the statute of limitations barred the fraud claim. Williams also asserted that Davis was engaged in the unauthorized practice of law and requested sanctions, attorney's fees, and expenses.

After the hearing on the motion to dismiss, the trial court abated the case for thirty days to give the contestants time to hire an attorney. After two months of inaction, the trial court dismissed the contest for lack of jurisdiction. Still without legal representation, Davis moved for new trial on behalf of herself and, purportedly, McGlothen. The trial court struck the pleadings filed by Davis based on her unauthorized practice of law and clarified that McGlothen had standing to pursue a contest and would be able to replead. McGlothen did not replead.

## Analysis

The contestants contend that the trial court erred by dismissing their contest based on Davis's lack of standing. But there is no contest for this Court to review because the trial court struck their pleadings. They did not replead or challenge that ruling. *See* TEX. R. APP. P. 33.1. "Except for fundamental error, appellate courts are

3

not authorized to consider issues not properly raised by the parties." *Mack Trucks, Inc. v. Tamez*, 206 S.W.3d 572, 577 (Tex. 2006). Fundamental error exists only where the error directly and adversely affects public interest, as declared by Texas law, or where the record affirmatively and conclusively shows that the ruling court lacked subject matter jurisdiction. *See id.* There is no fundamental error here, as Texas law forbids a non-attorney from practicing law, which includes filing documents on behalf of another party. *See* TEX. GOV'T CODE §§ 81.101–.102, 83.001–006; *see, e.g.*, *McCrimmon v. Taylor*, No. 01-08-00644-CV, 2009 WL 417278, at *2 (Tex. App.—Houston [1st Dist.] Feb. 19, 2009, pet. denied) (holding trial court properly dismissed suit because non-attorneys may not represent others). For these reasons, the will contest is a nullity, and the record thus presents nothing for review.

## Conclusion

We affirm the trial court's judgment.

Clint Morgan
Justice

Panel consists of Justices Gunn, Caughey, and Morgan.

4